**SO ORDERED.**

**SIGNED this 24 day of October, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

PHYLLIS WEBB,                                             Case No. 07-01663-8-JRL
                                                          Chapter 13

        Debtor.
_____

## ORDER

This matter is before the court on the debtor's motion to modify her Chapter 13 plan. On October 23, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On May 3, 2007, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. The plan was confirmed on July 30, 2007 and provided that the debtor would make payments of $200.00 per month for six months, followed by payments of $783.00 per month for fifty-one months. The debtor moved to modify her Chapter 13 plan on September 12, 2007 because she is currently unemployed and taking care of her mother. The debtor's proposed modified plan would call for fifty-nine payments of $200.00 per month, followed by one payment of $29,333.00, for a total amount of $41,133.00.

To modify a confirmed Chapter 13 plan, the debtor must show a substantial and unanticipated change in circumstances after confirmation of the plan. In re Brown, 260 B.R.

368, 374 (Bankr. E.D.N.C. 2001).  Here, the facts show that the debtor experienced substantial and unanticipated changes in her circumstances due to her current unemployment and her need to care for her mother.   Therefore, the issue turns on whether the amended plan, as proposed by the debtor, is confirmable.  The trustee objects to the debtor's motion on the grounds that the proposed modification does not meet the requirements for confirmation of a Chapter 13 plan because the plan is not feasible.  In order for a Chapter 13 plan to be confirmed, the debtor must "be able to make all payments under the plan and comply with the plan."  11 U.S.C. 1325(a)(6).  As proposed, the debtor's modified plan does not meet the requirements of 1325(a)(6).  The proposed plan calls for fifty-nine payments of $200, but then calls for a large balloon payment of $29,333.00 at the end of the plan.  Although the debtor hopes to be employed by the time the $29,333.00 would be due under the proposed plan, the debtor has provided no evidence that she will be able to make this large payment at the time it is due.  The court therefore cannot confirm the modified plan as proposed by the debtor because the plan is not feasible.

Based on the foregoing, the debtor's motion to modify the plan is DENIED as proposed by the debtor. However, the court APPROVES the motion as amended in court that the plan be modified to require the debtor to make twelve payments of $200 per month, followed by forty-five monthly payments of $861.00.

"END OF DOCUMENT"